# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

LOUIS BRADY, JR. (#304523)                          CIVIL ACTION

VERSUS

SID J. GAUTREAUX, ET AL.                          NO. 09-0947-RET-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, March 16, 2011.

MAGISTRATE JUDGE CHRISTINE NOLAND

LOUIS BRADY, JR. (#304523)                          CIVIL ACTION

VERSUS

SID J. GAUTREAUX, ET AL.                            NO. 09-0947-RET-CN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss of defendant Charles Bridges, rec.doc.no. 38.  This motion is not opposed.

The pro se plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sheriff Sid J. Gautreaux, III, Warden Dennis Grimes, Dr. Charles Bridges and a person identified as "C. Ron" or "C. Rond", complaining that the defendants violated his constitutional rights by exhibiting deliberate indifference to his serious medical needs after his arrest on June 14, 2009.[1]  Pursuant to a previous Magistrate Judge's Report and Recommendation, approved by the District Judge on February 17, 2011, the plaintiff's claims asserted against defendants Sid J. Gautreaux, III, and Dennis Grimes have been dismissed.  See rec.doc.nos. 37 and 42.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a

---

[1]    Attempts by the United States Marshal's Office to serve the defendant identified as "C. Ron" or "C. Rond" have proven unsuccessful because this person is "not employed at [the] facility." See rec.doc.no. 31.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of the defendant from the proceedings.  It is appropriate, therefore, that the plaintiff's claims asserted against the defendant identified as "C. Ron" or "C. Rond" be dismissed, without prejudice, for failure of the plaintiff to timely effect service.

claim upon which relief can be granted." In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in <u>Ashcroft v. Iqbal</u>, _____ U.S. _____, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" <u>Bell Atl. Corp. v. Twombly</u>, <u>supra</u>, <u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). <u>See also</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." <u>Bell Atl. Corp. v. Twombly</u>, <u>supra</u>. <u>See also</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," <u>Bell Atl. Corp. v. Twombly</u>, <u>supra</u>, but "something beyond ... mere possibility ... must be alleged." <u>Id.</u> The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," <u>Id.</u> (abandoning the "no set of facts" language set forth in <u>Conley v. Gibson</u>, <u>supra</u>). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, <u>supra</u>. Where a Complaint pleads facts that are

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In response to the plaintiff's allegations, defendant Bridges asserts initially that the plaintiff has failed to allege the violation of his constitutional civil rights. The Court disagrees. In his original Complaint, the plaintiff alleged that he was admitted to EBRPP on June 14, 2009, after release from Earl K. Long Hospital. He asserts that he was "covered in blood" at that time. Notwithstanding, other than treatment provided on the date of admission, he "never received any more treatment to my wounds, no medication, no dressing changes, or seen a physician". Although he referred in the original Complaint to the defendants' "neglection by lack of medical treatment", he filed his Complaint on a form for the assertion of constitutional civil rights and he explicitly referred, in an Amended Complaint filed in April, 2010, to the Eighth and Fourteenth Amendments of the United States Constitution and asserted therein that the defendants were "deliberately indifferent" and were guilty of "cruel and unusual punishment by reasons of inadequate medical treatment." He further specifically alleged that on or about June 15 and 19, 2009, he "received deliberate indifferent by ... Dr. Bridges ... [b]y inadequate medical treatment and not acknowledge Plaintiff's head injuries...." Given the liberal interpretation which the Courts give to the allegations of pro se litigants, Haines v. Kerner,

404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court finds that these allegations are sufficient at the present juncture to support the plaintiff's claim of the violation of his constitutional civil rights.

The defendant next asserts that the plaintiff's claim is premature because, under the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, et seq., such a claim may not be prosecuted against a qualified health care provider unless and until the claim has been presented for review before a medical review panel pursuant to La. R.S. 40:1299.47, which the plaintiff has not done.  While the defendant is correct that, if the plaintiff had asserted only a claim of medical malpractice under state law, his claim would fall under the referenced statute and would therefore be premature, the plaintiff's claim of deliberate medical indifference under the Eighth Amendment asserts a claim based on the violation of his constitutional civil rights under 42 U.S.C. § 1983.  Accordingly, inasmuch as the Louisiana Medical Malpractice Act defines malpractice as an "unintentional tort or breach of contract", see La. R.S. 40:1299.41(A)(13) (emphasis added), and inasmuch as a claim for the violation of constitutional civil rights, in contrast, involves intentional wrongdoing on the part of a state official, or an analogous state of mind described as "deliberate indifference", the Louisiana Medical Malpractice Act has no application to the plaintiff's claim of intentional, willful and malicious wrongdoing.  See Thomas v. James, 809 F.Supp. 448 (W.D. La. 1993).  See also, Parish v. Lee, 2004 WL 877103 (E.D. La., April 22, 2004) (holding that an inmate plaintiff "is not required to present his § 1983 claims of intentional indifference to a medical review panel." (emphasis in original)); Adams v. Foti, 2004 WL 241859 (E.D. La., Feb. 5, 2004) (same); McCray v. Canulette, 1987 WL 11774 (E.D. La., May 29, 1987)

(same).  Therefore, the defendant's Motion to Dismiss should be denied.

Finally, to the extent that the plaintiff's Complaint may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over the plaintiff's state law claims, district courts are authorized to decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, based upon the record herein, the Court concludes that it is appropriate for the Court to decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

<u>RECOMMENDATION</u>

It is recommended that the plaintiff's claims asserted against the defendant identified as "C. Ron" or "C. Rond" be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure.  It is further recommended that the Court decline to exercise supplemental jurisdiction

over the plaintiff's state law claims, that the Motion to Dismiss of defendant Charles Bridges, rec.doc.no. 38, be denied, and that this action be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, March 16, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**