UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUIS BRADY, JR. (#304523)                          CIVIL ACTION

VERSUS

SID J. GAUTREAUX, ET AL.                            NO. 09-0947-RET-CN

O R D E R

This matter comes before the Court on the Motion of defendants Sid J.
Gautreaux, III, and Dennis Grimes to Designate Ruling as Final and
Appealable, rec.doc.no. 44.

The pro se plaintiff, an inmate previously confined at the East Baton
Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, brought this action
pursuant to 42 U.S.C. § 1983 against Sheriff Sidney Gautreaux, Warden Dennis
Grimes, and other defendants, complaining that his constitutional rights were
violated at EBRPP in 2009, when prison officials exhibited deliberate
indifference to his serious medical needs. Pursuant to Order dated February
17, 2011, rec.doc.no. 42, the plaintiff's claims asserted against defendants
Gautreaux and Grimes have been dismissed, leaving before the Court only the
plaintiff's claims asserted against Dr. Charles Bridges.

The moving defendants now seek certification of the Order dismissing
the plaintiff's claims against them. In this regard, Rule 54(b) of the
Federal Rules of Civil Procedure provides, in pertinent part:

> When more than one claim for relief is presented in an action,
> whether as a claim, counterclaim, cross-claim, or third-party claim,
> or when multiple parties are involved, the court may direct the entry
> of a final judgment as to one or more but fewer than all of the
> claims or parties only upon an express determination that there is no
> just reason for delay and upon an express direction for the entry of
> judgment.

The Court concludes, based upon a review of the record, that the
defendants' motion should be denied. The Fifth Circuit has noted that
"[o]ne of the primary policies behind requiring a justification for Rule

54(b) certification is to avoid piecemeal appeals." <u>PYCA Industries, Inc.</u>
<u>v. Harrison County Waste Water Management District</u>, 81 F.3d 1412 (5th Cir.
1996). The Fifth Circuit Court explained that Rule 54(b) judgments are not
favored and should be awarded only when necessary to avoid injustice: "A
district court should grant [Rule 54(b)] certification only when there
exists some danger of hardship or injustice through delay which would be
alleviated by immediate appeal; it should not be entered routinely as a
courtesy to counsel." <u>Id.</u> (citing <u>Ansam Associates, Inc. v. Cola</u>
<u>Petroleum, Ltd.</u>, 760 F.2d 442 (2nd Cir. 1985)).

The defendants in this case articulate no particular hardship or
injustice which may result if the Court does not certify the referenced
Ruling for immediate appeal. Moreover, the inefficiency resulting from
piecemeal appeals will certainly be present in this case because the issues
which will likely be presented in connection with any appeal relative to
the moving defendants will also likely be presented in connection with any
appeal relative to the remaining defendant. This is so because all of the
defendants worked (or exercised supervisory authority) at the East Baton
Rouge Parish Prison during the time in question and all are alleged to have
been deliberately indifferent to the plaintiff's serious medical needs in
violation of the Eighth Amendment. Accordingly, a Rule 54(b) certification
of the referenced Ruling will unquestionably present the possibility, if
not the likelihood, of piecemeal appeals, and is therefore not warranted
in this case. Therefore,

**IT IS ORDERED** that the defendants' Motion to Designate Ruling as Final
and Appealable, rec.doc.no. 44, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this ____25th____ day of May, 2011.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATE DISTRICT COURT